## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KRAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4303 |
| | ) | |
| vs. | ) | Judge Kennelly |
| | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| KIMBERLY ZALINSKI, Star 5192, and | ) | Jury Demand |
| PHILLIP BROWN, Star, 20362, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about August 16, 2007, Plaintiff was at his house with his wife Christina Krak, his sister-in-law Diane, his niece Ashley, Ashley's boyfriend Freddy, and Plaintiff's younger brother, Chris Johnson.

9. Plaintiff was sitting on the porch when two police cars, with a total of four police officers, arrived at Plaintiff's house.

10. The officers asked Plaintiff to come down from the porch to speak with them.

11. Plaintiff approached the officers to speak with them.

12. The officers immediately arrested Plaintiff and handcuffed him. The officers told Plaintiff they were arresting him for assault.

13. Plaintiff told the officers that he had not done anything wrong and stated that he was being falsely arrested.

14. The officers told Plaintiff to shut up and then put him in a police car.

15. The two officers that transported Plaintiff were female.

16. Plaintiff was taken to the 17th district police station.

17. Plaintiff was handcuffed to the wall.

18. Plaintiff was talking to Defendant ZALINSKI, telling her that he did not do anything wrong and that they arrested him for no reason.

19. Defendant BROWN emerged from an interrogation room and walked directly over to where Plaintiff was sitting on a bench.

20. While Plaintiff was handcuffed, Defendant BROWN grabbed Plaintiff's face.

21. BROWN slammed Plaintiff's head against the wall.

22. As BROWN was holding Plaintiff's head against the wall, BROWN told Plaintiff, "Shut your fucking mouth and don't talk to a woman like that."

23. BROWN continued to hold Plaintiff's head against the wall and push it against the wall.

24. Defendant ZALINSKI did not intervene to stop BROWN from beating Plaintiff.

25. Plaintiff's chin split open.

26. The entire incident was captured on video.

27. In lock up, Plaintiff noticed his face was bleeding and told the lock-up keeper that he wanted to report the incident and file a complaint.

28. The police took pictures of Plaintiff's injuries.

29. Plaintiff was taken to Swedish Covenant hospital.

30. Plaintiff was taken back to the police station. Plaintiff's mother-in-law posted Plaintiff's bond, and Plaintiff was released over twenty-four hours later.

31. Plaintiff filed a complaint with OPS. After an investigation, Plaintiff's complaint was sustained. The complaint reference log number was 108489.

32. Plaintiff was charged with battery. The case was docketed in the Cook County Circuit Court as: People v. Krak, 071442918. The case was dismissed on October 1, 2007.

33. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36. Defendant PHILLIP BROWN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant BROWN,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

37. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

38. While Plaintiff was subjected to excessive force as described above, Defendant ZALINSKI had an opportunity to intervene, but chose not to intervene.

39. Defendant ZALINSKI was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant ZALINSKI,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

40. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

41. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595